UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

VERA M. WALKER                                                                       PLAINTIFF

VS.                         CIVIL ACTION NO. 3:09cv2-DPJ-JCS

EAST CENTRAL PLANNING & DEVELOPMENT
DISTRICT, INC.                         DEFENDANT

**<u>ORDER</u>**

This employment dispute is before the Court on Defendant's Motion for Summary Judgment [21]. The Court, having fully considered the premises, finds that Defendant's motion is well taken and should be granted.

I.       Facts/Procedural History

Until the termination of her employment in December 2006, Plaintiff Vera Walker worked for Defendant East Central Planning & Development District, Inc., ("ECPDD") as a District Long Term Care Ombudsman. Plaintiff's responsibilities included investigating the concerns and complaints of elderly citizens institutionalized in nursing homes. On September 13, 2006, Plaintiff allegedly became incensed when her granddaughter was not selected for a television appearance related to a theater company to which she belonged. Plaintiff, who is African-American, believes the decision was racially motivated and expressed her feelings to coworkers. Pl.'s Resp. at 18.

Plaintiff's African-American supervisor, Rosie Coleman, thereafter drafted a memorandum of the event, stating that Plaintiff was "irate," loud, and profane. Sept. 13, 2006 Mem. by Rosie Coleman Re: Vera Walker's Conversation, Ex. G to Def.'s. Coleman further documented that Plaintiff said she "hate[s] white people," and that she "tr[ies] **to get along with**

1

**everybody but white folks keep doing [expletive] that keeps pissing me off and it makes me want to take a gun and shoot them all."** *Id.* (emphasis in original). Plaintiff admits that she shared her concerns regarding racism with coworkers, Pl.'s Resp. at 18, and that she used profanity, Walker Dep. at 119. While she denies making the above quoted statements to her coworkers during the initial conversation, she testified in her deposition that she made remarks "close to [those stated above] later that morning, yes." *Id.* at 117-19.

The incident was eventually reported to Executive Director Bill Richardson, who issued a warning on November 10 informing Plaintiff that she would not be fired, but that future remarks would warrant "immediate termination." Richardson Letter, Ex. I to Def.'s Mot.; Walker Dep. at 135-36. Plaintiff responded to the warning in writing, essentially calling her supervisor, Coleman, a liar of questionable character. Walker Dep. At 144-46. She further asked for an outside investigation. Richardson elected to investigate the incident personally, and interviewed a number of witnesses who gave statements consistent with Coleman's account, including descriptions of ranting, profanity, racist comments, and references to a gun. *See* Statements of ECPDD Employees, Ex. L to Def.'s Mot. Still, Defendant did not terminate Plaintiff's employment. Instead, Plaintiff was ordered to undergo anger management counseling, refrain from future insubordination, and to acknowledge the truth of Coleman's report. Ex. M to Def.'s Mot. Believing the terms were unreasonable, Plaintiff refused to comply. A hearing of the ECPDD Executive Committee followed, and a racially balanced committee voted to terminate her employment.

Feeling aggrieved by the committee's decision, Plaintiff exhausted her administrative remedies and brought suit in the Circuit Court of Hinds County, Mississippi. Plaintiff asserts

claims in her Complaint for violations of Title VII of the Civil Rights Act of 1964 and for emotional distress. Defendant removed the case to this Court, and Plaintiff's counsel subsequently withdrew his representation. ECPDD moved for summary judgment, and Plaintiff filed a dilatory *pro se* response.

II.     Analysis

   A.     Standard

Summary judgment is warranted under Rule 56 of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory

facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

Finally, as noted above, Plaintiff is representing herself without the benefit of any legal training. As a result, she has stated her positions without regard to any legal framework. The Court has attempted, therefore, to read her submissions liberally and place Plaintiff's arguments into recognized legal theories. That said, "[t]he right of self representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). In this case, Defendant set forth specific legal arguments as to why the claims must fail, and it supported those arguments with admissible evidence. Much of Plaintiff's response relies on inadmissible evidence, rhetorical questions, and her own subjective belief that Defendant discriminated against her. However, a response to a motion for summary judgment must be based on admissible evidence. *See, e.g.*, *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990). Moreover, "[i]t is more than well-settled that an employee's subjective belief that [s]he suffered an adverse employment action as a result of discrimination, without more, is not enough to survive a summary judgment motion, in the face of proof showing an adequate nondiscriminatory reason." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

B. Title VII

4

1. Discriminatory Discharge

Plaintiff claims that Defendant terminated her employment due to her race. Title VII prohibits an employer from discharging or discriminating against any person on account of that person's race. 42 U.S.C. § 20003-2(a)(1). A plaintiff may prove discrimination through either direct or circumstantial evidence. *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000). Plaintiff's submission suggests an attempt to demonstrate direct and circumstantial proof of discrimination.

a. Direct Evidence

"Direct evidence is evidence which, if believed, proves the fact without inference or presumption." *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (citation omitted). In the Fifth Circuit, "to qualify as direct evidence of discrimination, an employer's comment 'must be direct and unambiguous.'" *Read v. BT Alex Brown Inc.*, 72 F. App'x 112, 119 (5th Cir. 2003) (citation omitted). Direct evidence of discrimination includes "statements or documents which show on its face that an improper criterion served as a basis . . . for the adverse employment action." *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 415 (5th Cir. 2003) (citation omitted). If the plaintiff provides direct evidence of discrimination, the burden shifts to the employer to "prove by a preponderance of the evidence that the same decision would have been made regardless of the discriminatory animus." *Jones*, 427 F.3d at 992.

In the present case, Plaintiff submitted a notarized statement from someone named Carla White in which White states that an unidentified employee of a nursing home in Neshoba County, Mississippi, told her that Plaintiff had "caused a lot of trouble between blacks and whites at these nursing homes and that some white folks had gotten rid of her." Ex. M to Pl.'s

5

Resp. This statement and similar unsubstantiated statements found in Plaintiff's response are not direct evidence of discrimination.

As Defendant observes, Plaintiff's statements constitute several layers of inadmissible hearsay. Fed. R. Evid. 802. As frequently noted by the Fifth Circuit, "[m]aterial that is inadmissible will not be considered on a motion for summary judgment . . . ." *Geiserman*, 893 F.2d at 793 (citation omitted); *see also* Fed. R. Civ. P. 56(e)(1); *Cruz v. Aramark Servs., Inc.*, 213 F. App'x 329, 332-33 (5th Cir. 2007) (holding that unauthenticated letters are not proper summary judgment evidence); *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005) (holding that newspaper articles constitute hearsay and are not proper summary judgment evidence).[1]

b. Circumstantial Evidence

Absent direct evidence, Plaintiff may still avoid summary judgment based on circumstantial evidence under the familiar *McDonnell Douglas Corp. v. Green* burden shifting analysis. 411 U.S. 792 (1973). To do so, Plaintiff must first establish a prima facie case of discriminatory discharge by establishing that she (1) is a member of a protected class, (2) suffered an adverse employment action, (3) was qualified for her position, and (4) was replaced by someone outside of the protected class or was treated less favorably than similarly situated employees outside the protected class. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 513 (5th Cir. 2001).

---

[1]Additional problems with this evidence exist. First, in order to constitute direct evidence, the remarks must be "made by an individual with authority over the employment decision at issue." *Brown v. CSC Logic, Inc*., 82 F.3d 651, 655 (5th Cir. 1996). Here, neither White nor her source work for ECPDD. Walker Dep. at 37. Second, the statement reflected in Plaintiff's Exhibit M is not "without inference or presumption." *Jones*, 427 F.3d at 992.

If a plaintiff successfully establishes a prima facie case of discrimination, then "the employer must rebut a presumption of discrimination by articulating a legitimate, nondiscriminatory reason for the adverse employment action." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007). Identifying a nondiscriminatory basis for termination is a burden "of production, not persuasion, and involves no credibility assessment." *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir.2007); *see also Reeves*, 530 U.S. at 142. Finally, if defendant satisfies its burden of production, Plaintiff must then prove "that the employer's proffered reason is not true but instead is a pretext for the real discriminatory . . . purpose." *McCoy*, 492 F.3d at 557.

Understandably, Plaintiff wishes in her response to simply argue the facts of the termination decision and claim that she was discriminated against. However, the Court is confined to follow the procedure explained in the preceding paragraphs. As such, Plaintiff must first establish a prima facie case of discrimination. *Okoye*, 245 F.3d at 513. Plaintiff has made no such showing.

Although she never addresses the elements of a prima facie case, the Court's own review of the record demonstrates that Plaintiff presented sufficient facts to establish each of the first three elements. As to the final element, Plaintiff was required to demonstrate, through admissible record evidence, that she was replaced by someone outside the protected class or was treated less favorably than similarly situated employees outside the protected class. *Id.* Here, the record is silent as to Plaintiff's replacement, but she does argue that a white employee, Alethia Hitt, was treated more favorably. *See* Pl.'s Resp. at 3, 10. The argument is not supported.

"[T]o establish disparate treatment a plaintiff must show that the employer gave preferential treatment to another employee under nearly identical circumstances." *Okoye*, 245 F.3d at 514 (citations and internal punctuation omitted). According to Plaintiff's account, Hitt threatened to kill a number of coworkers and made unfounded allegations against her supervisor, leading to an outside investigation but no disciplinary action. Under Rule 56(e)(1), the Court cannot consider Plaintiff's statements unless they are based on personal knowledge or supported by competent record evidence. Plaintiff offers neither. First, Plaintiff testified that she did not know what action ECPDD took regarding Hitt. Walker Dep. at 52-54. Second, Plaintiff offered no admissible record evidence establishing how the Hitt situation was handled.

In contrast, Defendant presented competent record evidence regarding the Hitt incident. According to the Affidavit of ECPDD Executive Director Bill Richardson, Hitt was involved in a dispute with her African-American supervisor and accused him of long-standing race-and age-based discriminatory conduct. Richardson Aff. ¶ 2, Ex. 2 to Def.'s Reply. Because of the scope of the complaints against her supervisor, an outside investigation was conducted leading to Hitt's termination. *Id*. ¶¶ 3, 4.

These incidents are not nearly identical and demonstrate that the white employee was actually treated less favorably than Plaintiff. First, Hitt complained of a longstanding, wide-ranging, and complex pattern of discrimination at the hands of a supervisor of a different race. In contrast, Plaintiff requested an investigation "into Ms. Coleman's accusations," i.e., an investigation of a single incident on a single day as reported by a supervisor of the same race. Thus, the two cases were not "nearly identical." *Okoye*, 245 F.3d at 514. Second, Plaintiff was actually treated more favorably than Hitt. Hitt's employment was terminated following an

investigation into her allegations against her supervisor and alleged threats that she made to others. When Plaintiff's alleged racist comments and threats of violence were initially reported, she was merely warned not to repeat the conduct. Plaintiff felt aggrieved and thereafter submitted her request for an outside investigation. An internal investigation of the events of September 13 followed, and although the employer concluded that Plaintiff (like Hitt) had made threatening statements, she was given an opportunity to retain her employment but rejected the conditions. Plaintiff's failure to establish a prima facie case requires dismissal of this cause of action.

Even if a prima facie case existed, Defendant clearly articulated a legitimate nondiscriminatory reason for the termination of employment, and Plaintiff has offered no competent record evidence demonstrating pretext. There is no doubt that Plaintiff strongly disagrees with the employment decision and believes that Defendant's decision was not substantiated. But that is not the legal standard that the Court applies. The appropriate inquiry is "whether [ECPDD's] perception of [Plaintiff's] performance, accurate or not, was the real reason for her termination." *Laxton v. Gap Inc.*, 333 F.3d 572, 579 (internal quotations and citations omitted). "[E]ven an employer's incorrect belief in the underlying facts--or an improper decision based on those facts--can constitute a legitimate, non-discriminatory reason for termination." *Amezquita v. Beneficial Tex., Inc.*, 264 F. App'x. 379, 386 (5th Cir. 2008) (citing *Bryant v. Compass Group USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005); *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995)). The concern "is whether the evidence supports an inference that [ECPDD] intentionally discriminated against [Plaintiff], an inference that can be drawn if its proffered reason was not the real reason for discharge." *Laxton*, 333 F.3d

9

at 579; *Hennis v. Alter Trading Corp.*, No. 3:08CV32 DPJ-JCS, 2009 WL 44696, at *3 (S.D. Miss. Jan. 5, 2009), *aff'd*, No. 09-60060, 2009 WL 2605355 (5th Cir. Aug. 25, 2009). Thus, "[a]lthough an employee may disagree with an employer's decisions the Court is not in the position to 'second guess' those decisions without evidence that an individual's race was a determining factor in the end result." *Woodson v. Miss. Space Servs./Computer Sci. Corp.*, No. 1:05cv426WJG-JMR, 2007 WL 2012809, at *4 (S.D. Miss. July 6, 2007) (citing *Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503 (5th Cir. 1988)).

When viewed in the proper context, the Court is compelled to find that Plaintiff has not provided a sufficient response to Defendant's motion. Rule 56(e)(2) states that a party responding to a summary judgment motion must, "by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." In other words, Plaintiff was required to provide affidavits, testimony, or some other form of *admissible* evidence to support her burden. Fed. R. Civ. P . 56(e)(1). She may not, as she has done, rely on unauthenticated documents or hearsay. *Geiserman*, 893 F.2d at 793; *Cruz*, 213 F. App'x at 332-33; *Roberts*, 397 F.3d at 295; Fed. R. Civ. P. 56(e)(1). Likewise, speculation, conjecture, and Plaintiff's belief that Defendant discriminated against her, no matter how strongly held, are not sufficient to avoid summary judgment. *Douglass*, 79 F.3d at 1430. As such, the Court finds that Defendant's motion should be granted as to the discrimination claim.

2. Retaliation

Plaintiff asserts in her Complaint that she was retaliated against for engaging in protected activity. Title VII's anti-retaliation provision makes it "an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has . . . testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

There is no direct evidence of retaliation in this case. A circumstantial case of retaliation under Title VII first requires proof of a prima facie case. Thus, Plaintiff must show the following: (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the employment action. *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008).

Defendant contends that Plaintiff's prima facie case is lacking because she did not engage in protected activity until the filing of a post-termination EEOC charge of discrimination in 2007. Plaintiff's response fails to address the issue, and pursuant to Rule 56(e)(2), "[i]f the opposing
party does not so respond, summary judgment should, if appropriate, be entered against that party." In this case, summary judgment is appropriate for lack of protected activity prior to the termination of Plaintiff's employment. Plaintiff testified that before her discharge in December 2006, she had never complained to ECPDD Executive Bill Richardson about race discrimination. Walker Dep. at 54-55, 165. She further testified that during the entire time she was employed by Defendant, she never complained to anyone at ECPDD about race discrimination. *Id.* at 165. She also testified that she has no reason to believe that the members of the racially-mixed Executive Committee that unanimously voted to terminate her employment had any racial or

retaliatory animus against her. *Id.* at 113- 15; *see Strong v. Univ. HealthCare Sys., L.L.C.*, 482 F.3d 802, 807 (5th Cir. 2007) ("Collective decision-making is less susceptible to influence by an individual with a retaliatory motive"). Plaintiff's claim for retaliation is dismissed.

B. State Law Claims

Plaintiff's Complaint included claims for intentional and/or negligent infliction of emotional distress. Again, Plaintiff did not respond to this portion of Defendant's motion. The Court finds that the issue has been confessed and otherwise appears meritorious. Fed. R. Civ. P. 56(e)(2).

III. Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment is granted. A separate judgment will be entered in accordance with Fed. R. Civ. P. 58.

**SO ORDERED** this the 11th day of January, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE